# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN J. BERCAW, JR.,**

        **Plaintiff,**

**-vs-**                                                          **Case No.  6:13-cv-140-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny, in part, Plaintiff's application for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for Title II Disability Insurance benefits, alleging an onset of disability beginning September 1, 2009 (R 111). The application was denied administratively and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ"). On November 8, 2011, a Partially Favorable Decision was issued, finding an onset date of March 10, 2011 (R 9, 21). The ALJ determined that prior to that onset date, Plaintiff was capable of performing his past relevant work (R. 14). Plaintiff disagreed with the assessment of the onset date and sought further review.

The Appeals Council declined to grant review (R. 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed his complaint in this action and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff alleged that his disability commenced on September 1, 2009, due to back pain, knee pain, diabetes, high blood pressure, and foot neuropathy (R. 38-40, 130).

*Summary of Evidence Before the ALJ*

Plaintiff was 59 years old as of March 10, 2011 (R. 111), with an associate's degree in the area of electronics (R. 131) and vocational certificates in welding, heating and air conditioning, and applied computer applications (R. 312). He has past relevant work experience as a field engineer at the Kennedy Space Center (R. 36-37, 132-133).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ found that the claimant had the following severe impairments: "Status Post Bilateral Knee Replacements and Low Back Pain (20 CFR 404.1520(c))" (R. 15), and the record supports this uncontested finding. The ALJ also found that Plaintiff had the following residual functional capacity ("RFC"):

> Prior to March 10, 2011, the date the claimant became disabled, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with only occasional[] lifting of ten pounds and frequent[], rather than constant, lifting of five pounds, standing two hours in an eight-hour workday and sitting six hours in an eight hour workday; except that the claimant can only occasionally climb stairs, stoop, and balance. The claimant can never kneel, crouch, crawl, or ladder climb. The claimant is only able to walk one hundred feet at one time. The claimant is further limited to occasional exposure to cold extremes, humidity or wetness, and no hazards (heights and moving parts).

(R. 16 – footnotes omitted).

The ALJ found that, beginning March 10, 2011, the claimant's impairments made him unable to sustain an eight-hour workday (R. 19). The ALJ relied on the testimony of the VE to determine that prior to that date, Plaintiff could perform his past work "as it is generally performed" (R. 20). Thus, the ALJ rendered his partially favorable decision (R. 21).

## Standards of Law

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff presents a limited issue on review, contending that the vocational findings are not supported by substantial evidence and, therefore, the administrative decision must be reversed for a supplemental hearing to properly develop the record with respect to Plaintiff's past work. The Court reviews this challenge in the context of the five step sequential evaluation used by the Commissioner.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Plaintiff's objection to the ALJ's decision goes to the finding that Plaintiff could return to his past relevant work (Step 4). Thus, in this case, the burden of persuasion was at all times with Plaintiff.

*The Vocational Evidence*

Plaintiff does not object to any of the medical findings, but asserts error based solely on the ALJ's adoption of the VE's description of Plaintiff's past relevant work.[1] In his decision, the ALJ found:

> **Prior to March 10, 2011, the claimant was capable of performing past relevant work as a field engineer. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
> The vocational expert testified that the claimant is able to perform work as a field engineer (DOT No. 002. 061-022), which is skilled (S VP 8) and had a sedentary exertional level per the Dictionary of Occupational Titles (DOT).
> Therefore, in comparing the claimant's residual functional capacity with the physical demands of this work, the claimant is able to perform it as generally performed per the DOT. Accordingly, the claimant is able to perform past work.

(R. 20).

Plaintiff contends that the VE "mischaracterized" his past work, provided his opinion "before he heard Plaintiff's description of his past work," and "the description of the job in the DOT does not match the Plaintiff's description." Thus, Plaintiff contends that it was error for the ALJ to rely upon the VE testimony and, therefore, the finding that he could perform his past work is not supported by substantial evidence. The Court finds there is substantial evidence to support the vocational finding of the ALJ.

When an ALJ determines whether a claimant can perform past relevant work, he considers the job either as it is generally performed in the national economy or as the claimant says he performed it in the past. *See* 20 C.F.R. § 404.1560(b)(2). As noted by the ALJ, the VE testified at hearing as to the nature of Plaintiff's past relevant work, and characterized it as per the DOT (R. 40-49). The ALJ credited this testimony and found that Plaintiff could perform this job "as generally performed per the DOT" (R. 20). An ALJ may rely on the DOT to determine that a claimant can return to his past relevant work. *See* 20 C.F.R. §§ 404.1560(b), 416.960(b); SSR 82–61, 1982 WL 31387. Further, "[t]he

---

[1] As no error is asserted as to any other finding, the Court accepts for present purposes the ALJ's conclusion that Plaintiff could perform sedentary work prior to March 10, 2011.

Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise . . ." *Bryant v. Commissioner of Soc. Sec.*, 451 Fed. Appx. 838, 839 (11th Cir. 2012). Thus, reliance on the DOT and the testimony of a VE does not deviate from the proper standards.

As for whether substantial evidence supports the ALJ's findings, the Court is unpersuaded by Plaintiff's contentions that, even though his job title was "field engineer" and he worked in the aerospace industry, he was "never an engineer," his position was really something else, and the citation to the DOT position does not reflect his actual work. The VE testified that he had a chance to look at the vocational aspects of Plaintiff's file and filed an analysis of his work history (R. 46, 190). That history is set forth not only in the official earnings records, but also in the papers completed by Plaintiff with respect to his work.[2] In those papers, Plaintiff provides a detailed job description (R. 132-133), characterizing his job as "providing engineering support to electronics/computer lab" (R. 133). He described the tasks involved as walking for an hour, standing for an hour, and sitting for seven hours, with seven hours of "write, type or handle small objects" (R. 133). He listed lifting and carrying involved as "none;" noting the heaviest weight lifted as less than 10 pounds. *Id.* In view of this detailed description, Plaintiff's objection that the VE opined before he heard Plaintiff's description of the job is without merit.[3]

As for the alleged inaccuracy of the title "field engineer" (in that Plaintiff was never an engineer), Plaintiff testified that the title was accurate (R. 47). Moreover, this testimony is consistent with other record evidence where Plaintiff described his work in this manner. In forms submitted to the Commissioner, Plaintiff described his "duties performed" as "engineering" (R. 182). Plaintiff's medical records repeatedly cite his occupation as "field engineer" (R. 295, 328) or "engineer" (R. 223,

---

[2]The agency rules recognize that vocational reports completed by claimants "may be sufficient to furnish information about past work." SSR 82-61, 1982 WL 31387, *2.

[3]Indeed, Plaintiff's claim was denied at an earlier level because he was found to have the RFC to perform his past work as a field engineer "as he performed it based on his own description." (R. 145,167).

231, 253). He told the consultative examiner he worked as a "support engineer for the space center" (R. 277). Although Plaintiff's testimony at hearing differed from his earlier descriptions of his work, the VE did not err in relying on the title and job duties description Plaintiff provided prior to the hearing.

Finally, the Court finds that the ALJ was entitled to rely on the VE's testimony that the DOT classified Plaintiff's prior work as a field engineer as a sedentary, skilled position (R. 49, 190). As explained by the Commissioner, although Plaintiff appears to contend that this DOT classification describes that of an aeronautical engineer, this is not so. *Compare* DOT § 002.061.022, 1991 WL 646184 (Aeronautical design engineer – skilled, sedentary job with an SVP of 8, and requiring a reasoning, math and language level of 5; general learning ability limited to the highest third of the population excluding the top ten percent) with DOT § 002.061.014, 1991 WL 646182 (Aeronautical engineer - a light occupation with a reasoning, math, and language level of 6; general learning ability limited to the top 10 percent of the population.). The VE's testimony and the DOT's description of this position are both consistent with Plaintiff's prior description of his work as sedentary and "providing engineering support to electronics/computer lab." Reversal for a supplemental hearing is not warranted.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. It is therefore **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record